IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>        Plaintiff,<br><br>v.<br><br>VALERO REFINING - TEXAS L.P.<br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1.   This is an action under Title I of the Americans with Disabilities Act, *as amended,* ("ADA"), 42 U.S.C. §112101 *et seq.* and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Bobby Bass ("Bass") who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission ("Plaintiff" or "Commission") would show that, in violation of the ADA, Defendant Valero Refining - Texas L.P. ("Defendant" or "Valero") failed to accommodate Mr. Bass's disability for a test required to permit job assignment at its refinery and thereby denied Mr. Bass employment opportunities with Valero.

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, *as amended*, 42 U.S.C. §12117(a), which incorporates by reference

Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964 *as amended*. 42 U.S.C. §§2000e-5(f)(1) and (3).

3. Venue is proper in this Court because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Galveston Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, *as amended*, 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and(3) of Title VII of the Civil Rights Act of 1964 *as amended*, §§2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Valero has continuously been and is now doing business in the State of Texas and the City of Texas City and has continuously had more than 15 employees. Defendant may be served with process by and through its registered agent, CT Corporation System, 350 N. St.Paul Street, Suite 2900, Dallas, Texas 75201-4234.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§12111(5)and (7), which incorporates Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e (b), (g) and (h).

7. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## **STATEMENT OF CLAIMS**

8. More than thirty days prior to the institution of this lawsuit Bobby Bass dual filed a charge with the Texas Workforce Commission ("TWC") and the Commission alleging violations of Title I of the ADA by Valero. This charge was transferred by TWC to the Commission. All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge of employment discrimination and an attempt to conciliate the charge.

9. Since about April 2008, Defendant has engaged in unlawful employment practices, in violation of Sections 102(a) of the ADA, 42 U.S.C. §12112(a). The unlawful employment practices include Valero's failure to accommodate the disability of Bobby Bass for a safety test required to permit job assignment at Valero's refinery and causing the termination of Bobby Bass's employment at Valero's refinery because of Bass's reading disorder.

10. Defendant Valero has more than 500 employees.

11. In April 2008, Mr. Bass was hired by Modern EPC ("Modern") to work as a general foreman on a turnaround project at Valero's Texas City refinery.

12. Valero was a joint employer with Modern and controlled important aspects of Mr. Bass's employment.

13. Valero required Mr. Bass, as well as other Modern employees hired to work at its refinery, to pass a written safety test.

14. Mr. Bass has a disability, reading disorder, which substantially limits him in the major life activity of reading.

15. On or about April 11, 2008, Gary Pickurel, a Modern employee, made a request to Valero that Mr. Bass be allowed to orally take the safety test.

16. The same day, Pete Smith, Valero's Project Manager, granted permission for the safety test to be administered orally to Mr. Bass.

17. But thereafter, on or about April 24, 2008, Valero denied Mr. Bass the reasonable accommodation of taking the safety test orally.

18. Valero failed to engage in an interactive process with Mr. Bass to determine if a reasonable accommodation was possible which would have allowed him to take the safety test.

19. Citing his not having taken the reading test without accommodation, Valero removed and effectively discharged Mr. Bass from working in the position of foreman at Valero's refinery.

20. Mr. Bass was qualified to perform the general foreman position for which he was hired with reasonable accommodation of his disability, reading disorder, which substantially limited him in the major life activity of reading.

21. The effect of these unlawful practices has been to deprive Mr. Bass of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because of his disability.

22. The unlawful employment practices complained of above were intentional.

23. The unlawful employment practices described above were committed with malice or with reckless indifference for the federally protected rights of Mr. Bass.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

24.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of disability, within the meaning of the ADA;

25.     Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in retaliation against employees who have opposed any practice made unlawful by the ADA or who have made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or litigation under the ADA;

26.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities within the meaning of the ADA, and which eradicate the effects of Defendant's past and present unlawful employment practices;

27.     Order Defendant to make Mr. Bass whole by providing appropriate back pay, in amounts to be determined at trial, with prejudgment interest, for lost wages resulting from the discrimination and other affirmative relief necessary to eradicate the effects of the unlawful employment practices to which he was subjected;

28.     Order instatement into a comparable position for Mr. Bass or award front pay, in the amounts to be proven at trial, if instatement is impractical;

29.     Order Valero to make Mr. Bass whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices described above,

including out-of-pocket expenses incurred as a result of the unlawful practices described above, in amounts to be proven at trial;

30. Order Valero to make Mr. Bass whole by paying compensatory damages to him for his past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses he suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

31. Award punitive damages to Mr. Bass for Valero's malicious and/or reckless conduct described above, in amounts to be proven at trial;

32. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

33. Award the Commission its costs in this action;

34. Grant the Commission such other and further relief as the Court deems necessary and proper in the public interest, including post-judgment interest.

## JURY TRIAL DEMANDED

35. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. David Lopez
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M. Street, NE
Washington, D.C. 20507


By: /s/ *Kathy D. Boutchee*
    Kathy D. Boutchee
    Attorney-in-Charge
    TBN: 02717500
    SDN: 10145
    EEOC
    Houston District Office
    1919 Smith Street, 6th Floor
    Houston, Texas 77002
    (713) 209-3399
    Fax: (713) 209-3402
    Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

OF COUNSEL
Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney

Houston District Office
1919 Smith, 6th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402